**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**EDMOND MENARD,**

            **Plaintiff,**

-vs-                                    **Case No. 6:05-cv-1145-Orl-31DAB**

**HARTFORD LIFE AND ACCIDENT**
**INSURANCE COMPANY,**

            **Defendant.**

_____

## ORDER

Plaintiff Edmond Menard ("Menard") brings this action for wrongful denial of long-term disability benefits under 29 U.S.C. § 1001, *et seq.,* the Employee Retirement Income Security Act ("ERISA"). In an Order dated October 30, 2006 (Doc. 44), this Court denied a Motion for Summary Judgment, filed by Defendant Hartford Life and Accident Insurance Company ("Hartford") (Doc. 30), and entered judgment for the Plaintiff on December 11, 2006 (Doc. 48). A bench trial on the issue of damages, attorneys' fees and costs was held on February 23, 2007.

In its Order on the Motion for Summary Judgment, this Court determined that Menard was entitled to disability benefits from Hartford based on his inability to perform one or more of the essential functions of his occupation. (Doc. 44 at 9-10). Under the terms of the contract between Hartford and Menard, the "your occupation" standard applies to the first 24 months of disability benefits. (Doc. 44 at 5). Entitlement to benefits after that point requires Menard to establish that he is unable to perform "one or more of the essential duties of *Any* Occupation." (Doc. 44 at 5, emphasis added). This Court specifically stated in its Order that the issue of whether Menard was

entitled to benefits under an "any occupation" standard was not at issue. (Doc. 44 at 5, n5). Plaintiff has never presented any argument or evidence to support entitlement to benefits under the "any occupation" standard. (See Doc. 33).

Plaintiff now argues, however, that, under *Billings v. UNUM Life Insurance Co. of America*, 459 F.3d 1088 (11th Cir. 2006), this Court should award Menard disability benefits through the date of trial, which includes a 12-month period when the "any occupation" standard would apply. (Doc. 52 at 4-5). Plaintiff's argument fails for two reasons. First, *Billings* does not stand for such a proposition. Instead, the holding in *Billings* states that a Plaintiff is not required to prove an ongoing disability through the time of trail and judgment in order to recover disability benefits during that time period. *Billings,* 459 F.3d at 1096-97. The *Billings* case, however, did not involve a contract containing different standards for different time periods, and therefore is not controlling here. Second, this Court cannot determine that Menard is entitled to benefits under an "any occupation" standard because there has been no evidence or argument presented on that issue. Even assuming that Menard's disability continues to be severe enough to render him incapable of performing his occupation, this Court has never determined that Menard was at any time incapable of performing *any* occupation. To do so at this point, with no evidence in the record on that issue, would be wholly inappropriate.

Therefore, this Court holds that Menard is entitled to disability benefit payments for the ten months between April 30, 2005, when Hartford wrongfully terminated his benefits, and February 23, 2006, when the "any occupation" standard became applicable. It is undisputed that Menard is entitled to a total monthly disability payment of $3,637.69, which is to be offset by his Social

Security benefits of $1,655.50/month. (Doc. 52 at 2; Doc. 54 at 4). Therefore, Menard is entitled to $1,982.19/month for ten months, for a total payment of $19,821.90, plus interest.

This Court further holds that Menard is entitled to attorneys' fees and costs under 29 U.S.C. § 1132(g). The parties have stipulated that the amount of attorneys' fees requested by the Plaintiff, $30,200 is reasonable, therefore, the Court will not address that issue. (Doc. 54 at 10, n4). However, the total amount of costs remains in dispute and Plaintiff has been instructed to submit an Amended Bill of Costs to this Court by March 2, 2007. Defendant will then have until March 9, 2007 to respond with any objections.

Accordingly, it is

**ORDERED** that the Clerk shall enter judgment in favor of the Plaintiff in the amount of $50,021.90, which includes the back-due disability payments and attorneys' fees. In addition, Plaintiff is entitled to pre-judgment interest at the legal rate from April 30, 2005, until the date of this judgment, on the $19,821.90 in unpaid benefits. Plaintiff shall submit a proposed calculation of this interest along with an Amended Bill of Costs by March 2, 2007, and Defendant shall file any objections by March 9, 2007. This Court will retain jurisdiction over this matter for the purpose of determining pre-judgment interest and taxation of costs.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on February 23, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party